J-S15010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON ROBINSON | : | |
| | : | |
| Appellant | : | No. 337 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0509271-2003

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED JUNE 28, 2024**

Appellant, Clinton Robinson, appeals from the judgment of sentence entered on January 17, 2023, following revocation of a probationary sentence imposed originally in December 2005 after Appellant entered guilty pleas to prior offenses.[1] Counsel for Appellant has filed an ***Anders***[2] brief and petition

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In December 2005, Appellant pled guilty to voluntary manslaughter, aggravated assault, possessing an instrument of crime, and criminal conspiracy. ***See*** 18 Pa.C.S.A. §§ 2503, 2702, 907, and 903, respectively. In exchange for his guilty plea, the Commonwealth *nolle prossed* additional criminal charges, including alleged firearm violations. As discussed below, Appellant received a sentence of total incarceration, followed by a period of supervision.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court briefly summarized the genesis of this case as follows:

On August 31, 2002, [Appellant] was engaged in a dice game with Walter Smith and co-defendant Leroy Simon near the [] 2300 block of West Somerset Street in Philadelphia[, Pennsylvania]. When Mr. Smith won and wanted to quit the game, [Appellant] and his co-defendant each produced handguns and began firing in Mr. Smith's direction. They hit their intended victim, causing serious injury to Mr. Smith. Their gunfire also struck Margaret Thomas, an innocent bystander who had been out walking [along] the block. Ms. Thomas died as a result of a gunshot wound to the chest.

Trial Court Opinion, 7/31/2023, at 3 (record citations omitted).

On December 5, 2005, Appellant pled guilty to the aforementioned charges and the trial court sentenced him to an aggregate sentence of two-and-one-half to five years of incarceration, followed by five consecutive years of probation. Appellant completed five years' incarceration and, thereafter, commenced his supervisory sentence. While serving his probationary sentence, the police arrested Appellant and he was charged with possession with intent to deliver a controlled substance (PWID).[3] On January 26, 2011, Appellant pled guilty to PWID and was sentenced to 51 to 120 months of incarceration. As a result of his new conviction, on August 8, 2011, the trial court found Appellant in violation of the terms of his probation imposed in December 2005. Eventually, following collateral proceedings and

_____

[3] 35 P.S. § 780-113(a)(30).

a decision from the United States District Court for the Eastern District of Pennsylvania, the trial court sentenced Appellant to 10 to 20 years of imprisonment on January 17, 2023.[4]  This timely appeal resulted.[5]

On December 5, 2023, counsel for Appellant filed a petition with this Court seeking to withdraw from representation of Appellant.  Petition to Withdraw, 12/5/2023.  Preliminarily, we must address counsel's petition to withdraw.  **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").  In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in

---

[4] "[U]pon [probation] revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing."  **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citation omitted).  "A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed."  **Id.** at 367 (citation omitted).  Credit against a new sentence imposed after revocation of probation is required where the new sentence and all prior sentences that the defendant has already served for the same conviction added together total more than the statutory maximum.  **See id.** at 367.  Here, the trial court imposed a legal sentence upon resentencing following revocation by giving Appellant credit for time-served so that the original sentence and new sentence did not exceed the statutory maximum.  **See** N.T., 1/17/2023, at 11 and 23.

[5] Appellant did not file post-sentence motions.  Appellant did, however, file a timely notice of appeal on January 24, 2023.  On May 30, 2023, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely on July 20, 2023, following a court-ordered extension of time.  On July 31, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[*Santiago*, **supra**].” *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, [and] statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), and its progeny, “[c]ounsel also must provide a copy of the *Anders* brief to his [or her] client.” *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to “(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[’]s attention in addition to the points raised by counsel in the *Anders* brief.” *Id.* “Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous.”

*Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, counsel for Appellant has satisfied the technical and procedural requirements of *Anders* and *Santiago*.[6] Counsel identified the pertinent factual and procedural history of the case and made citation to the record. *See Anders* Brief at 4-6. Counsel raises two issues challenging Appellant's judgment of sentence that could arguably support an appeal, but ultimately, counsel concludes that the appeal is wholly frivolous. *See id.* at 4 and 9. Counsel for Appellant attached a letter to the *Anders* brief advising Appellant of his options in compliance with *Millisock* and *Orellana*, **supra**. Moreover, the *Anders* brief and the petition to withdraw contain proof of service to Appellant. Appellant has not filed a response to counsel's letter, the *Anders* brief, or the petition to withdraw. Accordingly, we proceed to conduct our review of the issues identified by counsel, together with an independent review of the record, to determine whether the appeal is wholly frivolous.

In the *Anders* brief, counsel raises the following issues for our review:

A. Did the trial court abuse its discretion by resentencing Appellant to a period of 10 to 20 years' incarceration for a violation of probation for the underlying offense of voluntary

---

[6] Initially, on February 16, 2024, this Court entered an order denying the petition to withdraw as counsel and striking the *Anders* brief. In that order, we directed counsel for Appellant to file either a new petition to withdraw as counsel complying with *Anders* and *Santiago* or an advocate's brief. Counsel for Appellant filed a new *Anders* brief on February 16, 2024 and, upon review, the new *Anders* brief is proper.

> manslaughter pursuant to the sentencing guidelines articulated in 42 Pa.C.S.A. §§ 9721, 9754, and 9757?
>
> B. Did the trial court err in resentencing Appellant to a new period of 10 to 20 years' incarceration in violation of Appellant's rights pursuant to **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*)?

**Anders** Brief at 4 (cleaned up).

Appellant suggests that the trial court failed to consider the protection of the public, the gravity of the offense, and his rehabilitative needs when imposing his new sentence following the revocation of his probation. **Id.** at 7. Because Appellant's claim implicates the discretionary aspects of sentencing, and because Appellant did not raise his claim at sentencing and failed to file a post-sentence motion preserving the issue, the trial court found Appellant waived his challenge to the discretionary aspects of his sentence. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (citation omitted) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also** Trial Court Opinion, 7/31/2023, at 3. Upon review of the record, we agree. Appellant did not object to the discretionary aspect of his sentence at the time of sentencing. **See** N.T., 1/17/2023, at 24-25. He did not file a post-sentence motion. As such, Appellant waived his discretionary sentencing claim. Further, since the

claim on appeal is waived, the claim is frivolous under **Anders**. **Commonwealth v. Tukhi**, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under **Anders**, "[a]n issue that is waived is frivolous"); **Commonwealth v. Kalichak**, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

"Appellant next challenges his sentence as violating his rights pursuant to **Commonwealth v. Simmons**, 262 A.3d 512 [(Pa. Super. 2021) (*en banc*)] (a court may not anticipatorily revoke a sentence or period of supervision which [the defendant] has not yet begun serving)." **Anders** Brief at 7. In **Simmons**, we overruled long-standing precedent and determined that a trial court may not anticipatorily revoke an order of probation when the defendant commits a new crime after sentencing, but before the probation has begun. **See Simmons**, 262 A.3d at 527. Here, the trial court noted that in this case, Appellant "was [already] on probation – not parole – at the time he committed the PWID offense that led to the revocation of his supervision" and, therefore, **Simmons** is inapplicable. Trial Court Opinion, 7/31/2023, at 6. As this case did not implicate anticipatory revocation, we agree with the trial court's assessment and conclude that Appellant's **Simmons** claim is frivolous.

Accordingly, upon our review of the certified record and for all the foregoing reasons, we agree with counsel's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent review of the record

reveals no additional, non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/28/2024